IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DAWN L. H.,

Plaintiff,

v.

MARTIN J, O'MALLEY,
Commissioner of Social Security,[1]

Defendant.

Civil Action No.
5:23-CV-480 (DEP)

---

APPEARANCES:

OF COUNSEL:

FOR PLAINTIFF

LEGAL AID SOCIETY OF          ELIZABETH V. LOMBARDI, ESQ.
MID-NEW YORK, INC.
221 S. Warren Street, Suite 310
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.        JASON P. PECK, ESQ.
6401 Security Boulevard
Baltimore, MD 21235

---

[1]     Plaintiff's complaint named Kilolo Kijakazi, in her official capacity as the Acting Commissioner of Social Security, as the defendant. On December 20, 2023, Martin J. O'Malley took office as the Commissioner of Social Security. He has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. See 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42

U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[2]

Oral argument was conducted in connection with those motions on

April 18, 2024, during a telephone conference held on the record. At

the close of argument, I issued a bench decision in which, after

applying the requisite deferential review standard, I found that the

Commissioner's determination did not result from the application of

proper legal principles and is not supported by substantial evidence,

providing further detail regarding my reasoning and addressing the

specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, a transcript of which is attached and incorporated herein by

---

[2]     This action is timely, and the Commissioner does not argue otherwise.   It
has been treated in accordance with the procedures set forth in the Supplemental
Social Security Rules and General Order No. 18.   Under those provisions, the court
considers the action procedurally as if cross-motions for judgment on the pleadings
have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

reference, it is hereby

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)    The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:    April 22, 2024
          Syracuse, NY

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------x
DAWN L. H.,

                                 Plaintiff,

vs.                          5:23-CV-480

MARTIN J. O'MALLEY,
Commissioner of Social Security,


                                 Defendant.
-------------------------------------------x
```

        Transcript of a **Decision** held during a

Telephone Conference on April 18, 2024, the

HONORABLE DAVID E. PEEBLES, United States

Magistrate Judge, Presiding.



                    A P P E A R A N C E S

                      (By Telephone)

For Plaintiff:      LEGAL AID SOCIETY OF MID-NEW YORK, INC.
                    221 South Warren Street, Suite 310
                    Syracuse, New York  13202
                      BY:  ELIZABETH V. LOMBARDI, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of the General Counsel
                    6401 Security Blvd.
                    Baltimore, Maryland  21235
                      BY:  JASON P. PECK, ESQ.


                  *Jodi L. Hibbard, RMR, CSR, CRR*
              *Official United States Court Reporter*
                   *100 South Clinton Street*
              *Syracuse, New York  13261-7367*
                      *(315) 234-8547*

22

1                    (The Court and all counsel present by

2                    telephone.)

3                    THE COURT:  Let me begin by thanking counsel for

4    their presentations.  I found this to be an interesting and,

5    frankly, close case.

6              The plaintiff has commenced this action pursuant to

7    42 United States Code Section 405(g) to challenge an adverse

8    determination by the Commissioner of Social Security.  At the

9    outset of the hearing, we addressed the question of consent.

10   This matter was originally assigned to a different magistrate

11   judge.  A consent form was filed by the plaintiff, it left

12   blank the identity of the magistrate judge to whom plaintiff

13   was consenting, but I ascertained from plaintiff's counsel

14   and confirmed with defense counsel that they consent to my

15   deciding this case.

16              The background is as follows:  Plaintiff's date of

17   birth is in April of 1965, she is currently almost -- she is

18   now 59 years of age.  She was 53 years old at the onset of

19   disability which was identified as February 1, 2019.  She

20   stands 5 foot 5 inches in height and weighs 175 pounds, or

21   did at the time this matter was filed.  She has a 12th grade

22   education and while in school attended regular classes.

23   Plaintiff is divorced but has a significant other in her

24   life.

25              In the past she's worked in many positions, most of

1    which involved factory work and assembly work.  She was an

2    assembler of circuit boards, she's been a line worker, a

3    solderer and in various capacities and with three or four

4    different companies.  She last worked in January of 2019.

5            Plaintiff suffers from lumbar back pain that has

6    been diagnosed by at least the consultative examiner in this

7    case as degenerative disc disease.  She has degenerative

8    joint disease and arthritis in her thumbs bilaterally, and

9    vertigo, as well as levoscoliosis which I understand is a

10   condition that makes one's spine curve to the left.

11           Mentally, she has suffered in the past from

12   variously diagnosed conditions including post-traumatic

13   stress disorder, depressive disorder, opioid use disorder,

14   alcohol use disorder, stimulant use disorder, and has in the

15   past used marijuana, cocaine, heroin, methamphetamines, and

16   alcohol.  She has been hospitalized for rehabilitation on a

17   couple of occasions.  Plaintiff is also a smoker, smokes one

18   half pack of cigarettes per day.  She receives care from

19   various sources, including a nurse practitioner with Homer

20   Family Practice, Jacqueline Gagen.  She receives treatment at

21   the Guthrie Medical Center and has since March of 2021,

22   Family Counseling Services of Cortland, and Family and

23   Children's Society where she periodically sees Michelle

24   Reynolds who is an LMFT, or licensed marriage and family

25   therapist.

24

1          Her activities of daily living include some

2     cleaning, shower, dressing, she does laundry.  Her

3     significant other does a majority of the cooking, cleaning,

4     and shopping.  Plaintiff drives occasionally, she watches

5     television, and listens to music.

6          Procedurally, plaintiff applied for Title II

7     benefits protectively on March 1, 2021, alleging an onset

8     date of February 1, 2019.  She claims at page 285 of the

9     Administrative Transcript to suffer from PTSD, depression,

10    anxiety, a back problem, arthritis, addiction, high blood

11    pressure, and vertigo.  A hearing was conducted on July 14,

12    2022 by Administrative Law Judge Victoria Ferrer to address

13    plaintiff's application.  ALJ Ferrer issued an unfavorable

14    decision on August 3, 2022.  That became a final

15    determination of the agency on March 23, 2023, when the

16    Social Security Administration Appeals Council denied

17    plaintiff's request for review.  This action was commenced on

18    April 19, 2023, and is timely.

19          In her decision, ALJ Ferrer applied the familiar

20    five-step sequential test for determining disability.  At the

21    outset, she noted that plaintiff was last insured on

22    September 30, 2021.

23          She found at step one that plaintiff has not

24    engaged in substantial gainful activity since the alleged

25    onset date.

1        At step two she found that plaintiff suffers from

2  severe impairments that impose more than minimal limitations

3  on her ability to perform work functions, including

4  degenerative joint disease of the bilateral thumbs,

5  post-traumatic stress disorder, levoscoliosis, and vertigo.

6        At step three, she concluded that plaintiff's

7  conditions do not meet or medically equal any of the listed

8  presumptively disabling conditions set forth in the

9  Commissioner's regulations.

10        At step four, with the assistance of the vocational

11  expert testimony, the administrative law judge concluded that

12  plaintiff is capable of performing some of her past relevant

13  work, including the assembler position, as generally

14  performed pursuant to the DOT, or Dictionary of Occupational

15  Titles, but not as actually performed in the past by

16  plaintiff, and also could perform the position of solderer,

17  production line job, which was identified as a light and

18  unskilled position with an SVP of 2, and therefore, found it

19  unnecessary, the ALJ found it unnecessary to proceed to step

20  five and found that plaintiff was not disabled at the

21  relevant times.

22        As the parties know, the court's function in this

23  case is limited and the standard that I apply is deferential.

24  I must determine whether the resulting finding is supported

25  by substantial evidence, defined as such relevant evidence as

1   a reasonable person would find sufficient to support a

2   conclusion, and I must decide whether correct legal

3   principles were applied.  As the court noted in *Brault v.*

4   *Social Security Administration Commissioner*, 683 F.3d 443

5   from 2012, this is an extremely deferential standard.  The

6   Second Circuit confirmed that later in *Schillo v. Kijakazi*,

7   31 F.4th 64 from 2022.

8          In this case, plaintiff has raised several

9   contentions.  The first one is that the administrative law

10  judge failed at step two to find degenerative disc disease to

11  be a medically determinable impairment.  She argues that that

12  is not harmless error.  The second concerns the evaluation of

13  medical opinions from LMFT Reynolds, Dr. Amanda Slowik, and

14  Dr. Ferrin and Dr. Fernandez, two state agency physicians.

15  Her third argument surrounds -- third and fourth argument

16  really -- surround the vocational expert testimony.  There's

17  an allegation of a misclassification of past relevant work,

18  the argument being that plaintiff performed in composite

19  jobs, and also there's an alleged failure on the part of the

20  administrative law judge to resolve apparent conflicts

21  between the DOT and the vocational expert's testimony.  The

22  last argument, which was partially withdrawn at least,

23  concerns the failure to obtain complete records from one of

24  plaintiff's providers, Guthrie Medical Center.

25          Turning first to step two, at step two of the

27

1    sequential evaluation, a claimant must show that he or she

2    has a medically determinable impairment that rises to the

3    level of a severe impairment.  An impairment fails to reach

4    that threshold where it does not significantly limit a

5    claimant's physical or mental ability to do basic work

6    activities.  The requirement to establish a severe impairment

7    at step two is *de minimus*, and is intended only to screen out

8    the truly weakest of cases.  *McIntyre v. Colvin*, 758 F.3d 146

9    at 151, Second Circuit, 2014.  The Second Circuit and other

10   courts have also noted that the mere presence of a disease or

11   impairment or establishing that a person has been diagnosed

12   or treated for a disease or an impairment is not by itself

13   sufficient to render a condition severe.

14          In this case, the administrative law judge

15   considered degenerative disc disease and discounted it as a

16   medically determinable impairment on page 14 of the

17   Administrative Transcript.  I note, however, that Dr. Rita

18   Figueroa, who examined the plaintiff on behalf of the agency,

19   found that plaintiff does suffer from degenerative disc

20   disease, that's at 467.

21          The state agency physicians who spoke to

22   plaintiff's physical condition, Dr. M. Angelotti and Dr. J.

23   Rosenthal, did not characterize plaintiff's back, lumbar back

24   condition as degenerative disc disease but did conclude that

25   she suffers from lumbar spinal stenosis, that's at pages 100

28

1    and 124.  I know it is plaintiff's burden to show medically

2    determinable impairments and resulting limitations.  I think

3    in this case it was error not to include something, whether

4    it's lumbar spinal stenosis or whether it's degenerative disc

5    disease, at step two as severe.

6           The Commissioner argues that any such error would

7    be harmless because the administrative law judge found severe

8    impairments and proceeded through the five-step sequential

9    analysis.  Plaintiff argues that that doesn't apply when the

10   administrative law judge finds a condition is not a medically

11   determinable impairment and cites *Penny Lou S. v.*

12   *Commissioner of Social Security*, 2019 WL 5078603 from the

13   District of Vermont, one of my friends and former colleagues

14   John Conroy.

15          In this case, I find that the error is harmless,

16   and that *Penny Lou S.* is distinguishable.  In that case,

17   Judge Conroy reasoned that once the medically determinable

18   impairment was discounted, the symptoms associated with it

19   were no longer considered.  This case is distinguishable

20   because the administrative law judge concluded that the

21   medical evidence in the record, including the results of

22   examination of the spine and musculoskeletal system by the

23   consultative examiner do show symptoms, citing Exhibit 6F,

24   and goes on to say, "Thus, independent of their origin, all

25   symptoms are considered herein in arriving at the residual

1   functional capacity."  So the fear that was expressed by

2   Judge Conroy in *Penny Lou S.* was not present here, all

3   symptoms were considered.  So I find that any error is

4   harmless.

5          Plaintiff next challenges the evaluation of medical

6   opinions.  Because this application was filed after March 27,

7   2017, the case is subject to the revised regulations

8   regarding opinion evidence.  Under those regulations, the

9   Commissioner no longer defers or gives any specific

10  evidentiary weight, including controlling weight, to any

11  medical opinions, including from medical sources, but instead

12  considers whether those opinions are persuasive by primarily

13  considering whether they are supported by and consistent with

14  the record in the case.  20 C.F.R. Section 416.920c(a).

15  Under the new regulations, an ALJ must articulate in his or

16  her determination as to how persuasive the medical opinions

17  of record are found and must explain how the administrative

18  law judge considered the factors of supportability and

19  consistency of those opinions.

20          In this case, the significant opinions in the

21  record primarily come from LMFT Michelle Reynolds and she

22  gives two opinions.  One is found on page 534 of the record,

23  it is dated November 29, 2021, and is discounted because it

24  speaks to a matter reserved to the Commissioner.  It states

25  merely that the plaintiff is temporarily unable to work and

1    that that will be the case for six months or more, and I find

2    that that was properly discounted by the administrative law

3    judge.

4              The second is dated July 1, 2022, it appears at 604

5    to 606 of the Administrative Transcript.  Significantly, it

6    notes that plaintiff suffers from marked limitations in the

7    ability to interact with others, that's at page 605.  The

8    interesting thing is that the administrative law judge deals

9    with these opinions at two points in her opinion, 26 to 27,

10   and then again 23 to 24, when it comes to LMFT Reynolds'

11   opinions.  At page 24, significantly, it is stated that the

12   July 1, 2022 statements are persuasive "only to the extent

13   they can reasonably be accepted as consistent with the

14   objective medical and other evidence as described above,

15   including the result of examination by the consultative

16   examiner."  The consultative examiner's report is also

17   included in the record, that is from Dr. Amanda Slowik,

18   August 25, 2021, at 458 to 462.  In the medical source

19   statement from Dr. Slowik, it states that the claimant's

20   ability to interact adequately with supervisors, coworkers,

21   and the public is markedly limited, that's at page 461.  So

22   it is, Dr. Slowik's opinion is consistent with LMFT Reynolds'

23   opinion when it comes to interaction.

24             When addressing Dr. Slowik's opinion that appears

25   at page 27, the administrative law judge acknowledges the

31

1    portion of the opinion that states that plaintiff's ability

2    to interact adequately with supervisors, coworkers, and the

3    public is markedly limited.  Goes on to reject another marked

4    limitation noted in Dr. Slowik's opinion, that of sustaining

5    an ordinary routine or regulating her emotions, but does not

6    explain why she apparently partially at least rejected the

7    ability -- the marked limitation in the ability to interact

8    with supervisors and coworkers.

9          So given that, and particularly the statement about

10   LMFT Reynolds' opinion being accepted only to the extent it's

11   consistent with Dr. Slowik's opinion, I find error, and I am

12   unable to meaningfully judicially review to determine whether

13   the apparent rejection of that marked limitation is supported

14   by substantial evidence.

15         It is true that Dr. Ferrin and Dr. Fernandez, two

16   state agency consultants, found only modest limitations or

17   moderate limitations in those areas, Exhibits 2A-2-3, as the

18   Commissioner argues.  But those individuals did not examine

19   the plaintiff.  True, they examined the entire record

20   including, among other things, LMFT Reynolds' opinions and

21   Dr. Slowik's opinion, and so I'm always hesitant to

22   reweigh -- and I'm not reweighing -- the medical opinions of

23   record, because that would not be a proper court function,

24   but I find that there was a duty to explain the rejection of

25   that marked limitation so that the court could meaningfully

32

1    assess whether it was proper and supported by substantial

2    evidence.  And while I agree that the Commissioner, as the

3    Commissioner argues, that a state agency determination may

4    provide substantial evidence, it is also clear that they are

5    entitled to less weight than someone who has examined and/or

6    treated the plaintiff.  *Dana F. on behalf of O.E.H. v.*

7    *Berryhill*, 2019 WL 7067060, Northern District of New York

8    from December 23, 2019.  And this is especially true in the

9    case of a mental impairment.

10            So I find error warranting remand.  There are some

11   concerning aspects of the step four determination.  I've

12   read, reread, and re-reread both plaintiff's testimony

13   concerning her jobs and the vocational expert's testimony.

14   The vocational expert testified that plaintiff was not

15   engaged in a composite job.  I agree with the Commissioner

16   that it does not appear that there's a conflict, an obvious

17   conflict between the DOT and the vocational expert's

18   testimony that would call into play the requirement to elicit

19   further explanation.  But I would hope on remand that the ALJ

20   and plaintiff's representative can elicit clear testimony

21   about plaintiff's job duties because obviously the vocational

22   expert was very confused and stated as much at one point,

23   page 75 of the Administrative Transcript, in fact reversed

24   his initial opinions and revisited them during his testimony.

25   And I'm not going to address the records issue at this point.

33

1          So to sum up, I am granting partial -- I am

2     granting judgment on the pleadings to the plaintiff, vacating

3     the Commissioner's determination, and remanding the matter

4     for further consideration, and particularly with regard to

5     the medical opinion evidence of record.

6          Thank you both for excellent presentations, I hope

7     you have a great day.

8          MR. PECK:  Thank you, your Honor.

9          MS. LOMBARDI:  Thank you, your Honor.

10          (Proceedings Adjourned, 12:25 p.m.)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4         I, JODI L. HIBBARD, RMR, CRR, CSR, Federal

 5    Official Realtime Court Reporter, in and for the

 6    United States District Court for the Northern

 7    District of New York, DO HEREBY CERTIFY that

 8    pursuant to Section 753, Title 28, United States

 9    Code, that the foregoing is a true and correct

10    transcript of the stenographically reported

11    proceedings held in the above-entitled matter and

12    that the transcript page format is in conformance

13    with the regulations of the Judicial Conference of

14    the United States.

15

16                      Dated this 19th day of April, 2024.

17

18

19                      /S/ JODI L. HIBBARD

20                      JODI L. HIBBARD, RMR, CRR, CSR
                        Official U.S. Court Reporter
21

22

23

24

25
```